[No. 9654–1–I. Division One. March 8, 1982.]

*In the Matter of the Welfare of* TAMI MARIE FISHER, ALBERT FISHER, *Appellant.*

*Philip Mahoney,* for appellant.

*James Young* and *Mary Parks,* for respondent.

*Laura A. Banks,* as guardian ad litem.

JAMES, J.—Albert Fisher appeals an order of permanent deprivation. We affirm.

When Tami Marie Fisher was born prematurely on August 11, 1978, she weighed less than 4 pounds and showed signs of drug withdrawal. On December 19, 1978, a dependency order was entered placing her in the custody of the Seattle Indian Center. Following a hearing on June 11, 1980, the rights of the mother and the natural father were

terminated. The hearing on the petition to permanently deprive Albert Fisher, the child's legal father, was continued until November 21, 1980. Fisher did not appear at the termination hearing; however, he was represented by counsel and there is no contention that he had insufficient notice of the hearing. The trial judge considered the uncontested allegations in the petition as well as the testimony of two experts called on behalf of the petitioner, and found beyond a reasonable doubt that Fisher's parental rights should be terminated.

Fisher first contends that the trial judge erred in entering the order of permanent deprivation on the ground that the requirements of RCW 13.34.180 were not satisfied. The record demonstrates that this contention was not raised at the permanent deprivation hearing. Although an issue was raised in a previous hearing concerning the order of deprivation, it was agreed that Fisher could raise the issue at the termination hearing. The record shows that Fisher's counsel did not raise the contentions he now urges on appeal at the permanent deprivation hearing held on November 21, 1980. Accordingly, Fisher's first assignment of error cannot be raised for the first time on appeal. RAP 2.5(a).

██ Further, Fisher's primary contention is that under RCW 13.34.180(1) the child was not found to be dependent as to him. We do not agree. An order was entered on December 19, 1978, finding the child to be dependent. Dependency as defined in RCW 13.34.030(2) relates to the child's status of being abandoned, abused or neglected by its parent, guardian or other custodian. There is no requirement that an order of dependency specifically state that the child is found to be dependent as to a particular parent, guardian or custodian. Such a determination is implicit in a finding of dependency. In addition, dependency is only one factor to be considered in determining whether to deprive a parent of all parental rights. "The primary concern in a permanent deprivation proceeding is the best interests of the child . . ." *In re Dodge*, 29 Wn. App. 486, 493, 628 P.2d 1343 (1981). The trial judge here

found beyond a reasonable doubt that "[a]n order terminating the parent–child relationship between Albert Fisher and the above–named minor child is in the best interests of the child." Finding of fact No. 1(B).

█ Fisher next contends that the trial judge erred in determining that the witnesses who testified in support of the petition for deprivation were "qualified experts" under the Indian Child Welfare Act of 1978. We do not agree. The Indian Child Welfare Act of 1978 provides that:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f). H.R. Rep. No. 1386, 95th Cong., 2d Sess. 22, *reprinted in* [1978] U.S. Code Cong. & Ad. News 7545 states that "[t]he phrase 'qualified expert witnesses' is meant to apply to expertise beyond the normal social worker qualifications." *See generally* Barsh, *The Indian Child Welfare Act of 1978: A Critical Analysis,* 31 Hastings L.J. 1287, 1320 (1980).

Here, the trial judge specifically found that the two expert witnesses were qualified. One of the witnesses had been employed as a caseworker supervisor of the foster care program in the Indian Center for 3 years. The other witness was a mental health counselor for the Puyallup tribe and had been employed as a foster care caseworker by the Seattle Indian Center for 2½ years. The trial judge did not abuse his discretion in determining that in view of the witnesses' experience and training in dealing with Indians and Indian problems that they were qualified expert witnesses for purposes of the Indian child welfare act.

Fisher next contends that insufficient evidence was introduced to support a determination beyond a reasonable doubt that his continued custody of the child would result in serious emotional or physical damage to the child as

required by 25 U.S.C. § 1912(f). We do not agree.

We have independently examined the record. In considering the testimony of the expert witnesses as well as the uncontested allegations of the petition, we find there was sufficient evidence upon which a rational trier of fact could have found beyond a reasonable doubt that the custody of the child by Fisher would result in serious emotional or physical damage to the child.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

Reconsideration denied April 15, 1982.